E. LULLAMIRE v. KAUFMAN COUNTY.

(No. 2353.)

ERROR from Kaufman County. Opinion by HURT, J.

*(Transferred from Tyler to Galveston and decided at Galveston.)*

J. S. WOODS, counsel for plaintiff in error.

No counsel appeared for defendant in error.

§ **325.** *Condemnation of land for a public road; notice of proceeding to owner, etc.; case stated.* Lullamire was the owner of a tract of land in Kaufman county over which the commissioners' court of said county desired to establish a public road. Lullamire was a nonresident of said county, and the notice required by article 4370 of the Revised Statutes was served upon one Titlo, and the land was condemned by order of said court, allowing Lullamire $15 as his damages. Lullamire appealed to the county court, where, upon a trial had, the judgment was the same. It appeared from the evidence that Titlo, upon whom the notice had been served, had been looking after the land for Lullamire and preventing persons from cutting the timber on it, and had contracted with said owner to fence said land and dig a tank on it. He had no other connection with, or control over, the land. When he was served with said notice he notified the jury of view that he was not authorized to attend to such matters, but that J. S. Woods, an attorney at law, who resided in said county, was specially employed as the agent of said Lullamire to represent him in said business, and it was shown that said Woods was in fact the agent of said owner at that time. *Held,* that Titlo was not the agent or attorney of Lullamire, and that the service of the notice upon him was not such service as is required by article 4370, Revised Statutes.

§ **326.** *Damages for condemnation of land for a road; illegal evidence as to.* It was error to admit testimony, over the objection of plaintiff in error, that his land would become more valuable if people settled on it, and that the road over the land would induce settlements. Such evidence was uncertain and speculative, and, in view of the conflict in the evidence as to the damage which the owner would sustain by reason of the condemnation of his land, it was calculated to injuriously affect his rights, and its admission was therefore material error.

March 7, 1888.        Reversed and remanded.